UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenyatta Jomo, | Case No. 21-cv-2266 (KMM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Steve Kallis, Warden; Rochester Federal Medical Center; and United States Federal Hospital, | |
| Defendants. | |

Plaintiff Kenyatta Jomo previously filed a motion asking "to use the court[']s Electronic Court Filing (ECF), where I write the court and the court serve the defendants and, where the Defendants serve me then the courts electronically." (*See* ECF No. 15 at 2.) This Court denied the motion without prejudice on the grounds that Jomo had not provided an email address or other means through which he could be served electronically. (*See* ECF No. 18.)

Jomo now asks that the Court reconsider that decision. (*See* ECF No. 20.) In particular, Jomo attempts to clarify that he wishes to file a single, otherwise unspecified, "original document" with the Court "instead of serving all parties" that are registered filers through the Court's electronic-filing system. (ECF No. 20 at 2.) The motion makes clear that there is some confusion regarding the current status of this case and the service

1

requirements that have been imposed upon Jomo. Accordingly, this Court will use this opportunity to clarify these matters.

Jomo applied for *in forma pauperis* ("IFP") status in this proceeding. (*See* ECF No. 4.) The IFP statute imposes a financial obligation upon litigants, who must establish that they are truly unable to pay the required filing fee without undue hardship. *See* 28 U.S.C. § 1915(a). But the IFP statute also imposes a substantive obligation upon the Court to review the complaint and ensure that the matter is not frivolous or malicious and that the pleading states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). This Court has not conducted a formal review under § 1915(e)(2)(B), but there is reason for concern that neither the complaint nor the amended complaint filed by Jomo states a claim on which relief may be granted. (*See* ECF No. 12.) That said, Jomo's concerns may not necessarily be frivolous. Accordingly, this Court has referred Jomo for potential assistance by a volunteer attorney in drafting a second amended complaint. (*Id.*)

In the meantime, defendants have not yet been served with the complaint. Indeed, defendants *cannot* yet be served with the complaint. Rule 4 of the Federal Rules of Civil Procedure requires that the pleading be served alongside a summons; a summons will not be issued until the IFP application is granted; and the IFP application will not be granted until the case undergoes substantive review under § 1915(e)(2)(B). And, in any event, the complaint and summons cannot be served electronically. *See* Fed. R. Civ. P. 4(i).

The rules for service of a pleading, however, are more stringent than those for service of other documents. Other documents may, in fact, be served "by filing it with the court's electronic-filing system." *See* Fed. R. Civ. P. 5(b)(2)(E). Jomo need not ask

permission to invoke Rule 5(b)(2)(E).  Any defendant who consents to receive documents electronically may do so, and Jomo need only file the document with the Court for service to be complete.  Indeed, many of the documents filed by Jomo have already been served on the defendants consistent with Rule 5(b)(2)(E).

Jomo, in turn, may consent to receive documents from the defendants through the court's electronic-filing system.  But service of those documents "is not effective if the filer or sender learns that it did not reach the person to be served."  *Id*.  And neither the defendants nor the Court have been provided with a reliable means of reaching Jomo electronically.

Put briefly: Non-pleading documents filed by Jomo are already electronically served on those defendants who have entered a notice of appearance.  The pleading, however, cannot be served electronically — and, indeed, cannot be served at all unless the IFP application is granted.  The IFP application will not be granted until the pleading has undergone preservice review, and that process is delayed while Jomo attempts to prepare an amended complaint.  And defendants may not serve documents electronically until Jomo provides a reliable means (such as an email address) through which he may be reached.  On that understanding, the motion for reconsideration (ECF No. 20) is **DENIED**.

**SO ORDERED.**

Date: February  3 , 2022            *s/Tony N. Leung*
                                    Tony N. Leung
                                    United States Magistrate Judge
                                    District of Minnesota

                                    *Jomo v. Kallis et al.*
                                    Case No. 21-cv-2266 (KMM/TNL)

3