# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenyatta Jomo, | Case No. 21-cv-2266 (KMM/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Steve Kallis, Warden; Rochester Federal Medical Center et al.; and United States Federal Hospital, | |
| Defendants. | |

Plaintiff Kenyatta Jomo, a federal civil detainee, commenced this action by filing a complaint against defendant Steve Kallis, the warden of the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"), alleging that he was housed in inhumane conditions at FMC-Rochester. Jomo did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status. *See* ECF No. 4. In an order dated October 27, 2021, this Court noted that although Jomo qualified financially for IFP status, denial of the IFP application — and dismissal of this action — would be warranted because Jomo had failed to set forth allegations that Kallis, specifically, had violated the law. *See* ECF No. 5 (citing 28 U.S.C. § 1915(e)(2)(B)). Rather than recommend dismissal at that time, however, this Court afforded Jomo an opportunity to amend his complaint.

Jomo filed an amended complaint on November 24, 2021, this time naming Kallis, FMC-Rochester, and the "United States Federal Hospital" as defendants to this action.

1

*See* ECF No. 6. The amended complaint, which became operative upon filing, *see* Fed. R. Civ. P. 15(a)(1), did not include any greater relevant detail than the initial complaint regarding Kallis or his alleged personal involvement in the events at issue. Additionally, neither of the two new defendants named to the complaint were cognizable entities against which claims of constitutional violations could be raised. *See* ECF No. 12 (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-85 (1994)). Nevertheless, this Court declined to recommend dismissal of this action. Instead, Jomo was afforded a second opportunity to file an amended complaint. Jomo was also referred for potential assistance from a volunteer attorney in drafting that second amended complaint. *See* ECF No. 13.

The deadline of March 31, 2022, for Jomo to file his second amended complaint has now passed. *See* ECF No. 19. To date, Jomo has not submitted a pleading replacing the amended complaint described above.[1] Accordingly, that amended complaint remains the operative pleading in this matter, and it is that amended complaint [ECF No. 6] that is now before the Court for review under § 1915(e)(2)(B).

A complaint will be dismissed where an IFP applicant, such as Jomo, has failed to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir.

---

[1] Jomo did submit an additional copy of his initial pleading with a small number of handwritten alterations. *See* ECF No. 23. That document, if regarded as an amended pleading, is not materially different from the complaint used to commence this action, and this Court would recommend dismissal of that document on the same grounds.

2

2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

     As this Court has previously explained, two of the three defendants to this action — FMC-Rochester and the United States Federal Hospital — are not amenable to claims of constitutional violations brought under *Bivens*,[2] which may be brought only against the specific agent or agents alleged to have committed the wrongdoing. *See Meyer*, 510 U.S. at 484-85. As for the claims brought under *Bivens* against Warden Kallis, the allegations of inhumane conditions found in the complaint and amended complaint are not tied to Kallis personally; there is no reason from the pleadings to conclude, even if the allegations raised by Jomo are true, that Kallis himself is responsible for those conditions. To the extent that Jomo seeks to hold Kallis liable due to his supervisory responsibilities at FMC-Rochester, "there is no respondeat superior liability in *Bivens* actions; defendants are liable for their personal acts only." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.7 (8th Cir. 1998). Finally, insofar as Jomo might be attempting to bring claims under state law

---

[2] *See Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

rather than under *Bivens*, he has not adequately alleged that the Court has original jurisdiction over such claims. *See* Fed. R. Civ. P. 8(a)(1) (requiring a short and plain statement of the basis for the Court's jurisdiction); 28 U.S.C. §§ 1331-1332.

It is therefore recommended that this action be dismissed without prejudice pursuant to § 1915(e)(2)(B) and that Jomo's applications to proceed IFP be denied. It is further recommended that Jomo's motion for appointment of counsel be denied in light of the Court's inability to procure assistance from an attorney in assisting Jomo. *See* 28 U.S.C. § 1915(e)(1) (providing that "[t]he court may *request* an attorney to represent any person unable to afford counsel" (emphasis added)); *Stevens v. Redwing*, 146 F.3d 538, 548 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case.").

[Continued on next page.]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The applications to proceed *in forma pauperis* of plaintiff Kenyatta Jomo [ECF Nos. 4 & 14] be **DENIED**.

3. Jomo's motion to appoint counsel [ECF No. 7] be **DENIED**.


Date: April  25  , 2022                *s/ Tony N. Leung*
                                       Tony N. Leung
                                       United States Magistrate Judge
                                       District of Minnesota


                                       *Jomo v. Kallis et al.*
                                       Case No. 21-cv-2266 (KMM/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).