UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenyatta Jomo,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Steve Kallis, et al.,<br><br>　　　　　　Defendant. | Case No. 21-cv-2266 (KMM/TNL)<br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

　　Before the Court is the United States Magistrate Judge Tony N. Leung's Report and Recommendation ("R&R") that the Court dismiss this action without prejudice and deny Plaintiff Kenyatta Jomo's application to proceed *in forma pauperis* and motion to appoint counsel. [ECF Nos. 4, 7, 14]. Mr. Jomo timely filed an objection to this recommendation. [ECF No. 25]. Defendants filed a response to this Objection. [ECF No. 26]. In addition to filing his objection, Mr. Jomo filed a Second Amended Complaint. [ECF No. 27]. Having reviewed the R&R, Mr. Jomo's objections, and the entire case file, the Court overrules Mr. Jomo's objections and adopts the Magistrate Judge's R&R.

　　Mr. Jomo commenced this action on October 13, 2021, bringing a 42 U.S.C. § 1983 claim against Warden Steve Kallis. [Compl., ECF No. 1]. He filed his complaint against Warden Kallis, alleging that he was housed in inhumane conditions

1

at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). He also filed an application to proceed *in forma pauperis*. [ECF No. 4].

On October 27, 2021, Judge Leung found that Jomo had failed to set forth sufficient allegations to state a claim that Warden Kallis had violated the law, and without such allegations, could not proceed in his IFP application or this lawsuit. Judge Leung ordered Mr. Jomo to file an amended pleading. [ECF No. 5]. Mr. Jomo filed an Amended Complaint, which contained no greater detail than the original complaint, but instead appeared in substance to be a motion to appoint counsel. [ECF Nos. 6 & 7]. Judge Leung again found that the Amended Complaint failed to state a claim, referred Mr. Jomo to the Pro Se Project for consultation with a volunteer attorney, and afforded Mr. Jomo the opportunity to file another Amended Complaint. [ECF No. 12].

After the deadline for Mr. Jomo to file a Second Amended Complaint passed without submission of a new pleading, Judge Leung issued the R&R, concluding that this matter should be dismissed without prejudice. He recommended dismissal on the basis that Mr. Jomo has failed to state a claim upon which relief can be granted. First, Judge Leung noted that two of the three defendants in this action—FMC-Rochester and the United States Federal Hospital—are not subject to claims under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), at all. Second, Judge Leung noted that although Warden Kallis is subject to suits under *Bivens*, Mr. Jomo's Complaint does not plausibly plead that Warden Kallis is responsible for the alleged conditions, and that

2

supervisor liability is not a cognizable cause of action under *Bivens*. Third, recognizing that Mr. Jomo may be attempting to bring state law claims in this action, Judge Leung recommended dismissal because Mr. Jomo has not demonstrated that the Court would have jurisdiction over such claims.

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). District court judges "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Because Mr. Jomo is self-represented, his objections are entitled to a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, if the objections are vague or non-responsive to the R&R, the Court need not conduct a *de novo* review and may review the R&R for clear error. *See, e.g.*, *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) ("Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error").

Mr. Jomo raises two objections to the R&R. First, he states that due to his travels outside of FMC-Rochester, he lost his list of documents for his case, as well as documents in the record, namely document numbers 1, 2, 4, 6, 7, 13–16, 20, and 23.

[Obj., ECF No. 25 at 1–2]. The Court construes this objection as a request for copies of these documents, and therefore directs the Clerk's Office to mail new copies of these documents, as well as a copy of the docket sheet, to Mr. Jomo.

Next, Mr. Jomo argues that the R&R's denial of appointment of counsel should not be adopted, primarily due to his concerns regarding losing access to the Pro Se Project volunteer attorneys. The R&R recommended the motion be denied in light of the Court's inability to obtain volunteer assistance for Mr. Jomo through the Project at the time the R&R was issued. The Court has reviewed the motion for appointment of counsel de novo and concludes that it may properly be denied at this time. As the R&R correctly noted, there is no constitutional or statutory right to appointment of counsel in a civil case such as this. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). "Rather, a court 'may request an attorney to represent any person unable to afford counsel.'" *Id.* (quoting 28 U.S.C. § 1915(e)(1)). Judge Leung made such a request through the Pro Se Project, and denying Mr. Jomo's motion for appointment of counsel will not affect any future possible referral for consultation with a volunteer attorney from the Project should he choose to initiate another case, more clearly articulating his claims.

As the Court has addressed both of Mr. Jomo's objections, it reviews the rest of the R&R for clear error. Based on the Court's careful review of the R&R and the record in this case, the R&R contains no error, clear or otherwise.

Finally, the Court notes that Mr. Jomo filed a Second Amended Complaint on June 3, 2022. [ECF No. 27]. The Court has reviewed its substance and finds that it is not substantially different from the First Amended Complaint. [ECF No. 6]. This new pleading does not resolve the issues identified in the R&R that properly form the basis for the recommended dismissal without prejudice for failure to state a claim. Consistent with the Magistrate Judge's recommendation, the Court will dismiss this action without prejudice, meaning that Mr. Jomo is not barred by this decision from crafting a new complaint and initiating a new case regarding his claims.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Mr. Jomo's Objections [ECF No. 25] to the Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation [ECF No. 24] is **ADOPTED**;

3. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B);

4. Mr. Jomo's Applications to Proceed *in forma pauperis* and Motion to Appoint Counsel, [ECF Nos. 4, 7 & 14], are **DENIED**; and

5. The Clerk's Office is directed to mail copies of the documents filed at ECF Numbers 1, 2, 4, 6, 7, 13–16, 20, and 23 to Mr. Jomo, as well as a copy of the docket sheet for this case.

**Let Judgment be entered accordingly**.

Date: September 20, 2022          *s/ Katherine M. Menendez*
                                  Katherine M. Menendez
                                  United States District Judge